UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DOROTHY BACZKOWSKI,

                        Plaintiff,

  -against-                                       1:05-CV-0590
                                                               (LEK/RFT)

MARGARET J. CASIM, an individual;
ROSE A FEMIA, an individual;
SAMIT G. PATEL, an individual;
MICHAEL S. HANUSEK, an individual,

                        Defendants.

## **MEMORANDUM-DECISION AND ORDER**

### **I. Background**

On June 6, 2005, this Court issued a Conditional Order of Dismissal directing, *inter alia*, the following:

> ORDERED, that, as to the remaining defendants and claims, plaintiff may file with the Court **within thirty (30) days** from the date of the filing of this Order, an amended complaint which complies fully with Rules 8 and 10 of the Federal Rules of Civil Procedure and the terms of this Order as detailed above, and it is further
>
> ORDERED, that if plaintiff fails to file an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk shall enter judgment dismissing this action without further order of this Court due to plaintiff's failure to comply with the requirements of the above-mentioned Federal Rules and the terms of this Order, and it is further
>
> ORDERED, that if plaintiff fails to allege specific acts of misconduct as to any of the individuals named in any amended complaint filed herein, this action be dismissed with respect to the individuals against whom the plaintiff has failed to allege specific acts of misconduct,...

Cond. Order Dism. (Dkt. No. 3) at 8-9 (emphasis in Order).  On July 7, 2005, Judge Treece granted

1

Plaintiff's request for an extension of time, until August 5, 2005, to retain counsel and file amended pleadings. See Dkt. Nos. 4 & 5. Although Plaintiff did file for an Order to Show Cause in July 2005, see Dkt. Nos. 6 & 7, Plaintiff has not filed an Amended Complaint in compliance with this Court's Conditional Order of Dismissal. Furthermore, there is nothing about the documents comprising Plaintiff's request for an Order to Show Cause that leads this Court to accept them as any form of an Amended Complaint. See Dkt. Nos. 6 & 7. The Order to Show Cause was set for August 5, 2005 - the day Plaintiff's Amended Complaint was due. Dkt. No. 7. A Temporary Restraining Order was not granted. Id.

## II. Discussion

United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case. See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)). Although Southridge addressed discovery orders, there is no difference for non-compliance with any other court order. See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was dismissed from the case). Furthermore, the Second Circuit has held that "it is unquestioned that [Federal Rule of Civil Procedure] 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute". LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Calabresi, J.) (citing Link v.

Wabash R.R. Co., 370 U.S. 626, 630 (1962)). Rule 41(b) addresses not only Plaintiff's failure to prosecute, but also Plaintiff's "failure... to comply with these rules or any order of court". FED. R. CIV. P. 41(b). See also Dumpson, 2004 WL 1638183, at *2 ("[A] court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court.... Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this 'should not extend to the disregard of a judge's plain directives.'") (citing, *inter alia*, Costello v. United States, 365 U.S. 265, 286-87 (1961); Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996)).

    The Second Circuit in LeSane held that:

> *pro se* plaintiffs should be granted special leniency regarding procedural matters.... Finally, "this court has repeatedly detailed factors... to be considered before dismissal for failure to comply with a court order," and these factors significantly cabin a district court's discretion under Rule 41(b), so that "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."... Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

LeSane, 239 F.3d at 209 (citing and quoting Lucas, 84 F.3d at 535; Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)).

    This Court has evaluated the factors as set forth by the Second Circuit. Plaintiff's inaction and failure to prosecute has spanned months. Plaintiff has clearly failed to comply with an Order of this Court as to amending her complaint and proceeding with this action.

    Given the law and factors discussed above, Plaintiff's failures in this matter warrant the imposition of the sanction of dismissal. Thus, the Order to Show Cause in this matter (Dkt. No. 7)

is moot. The case is dismissed without prejudice to Plaintiff re-filing in compliance with the Court's prior directives.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** for non-compliance with this Court's June 6, 2005 Conditional Order of Dismissal (Dkt. No. 3), and for failure to prosecute. If Plaintiff chooses, she may re-file so long as her filings are in compliance with the Court's prior directives; and it is further

**ORDERED**, that the Order to Show Cause in this matter (Dkt. No. 7) is, therefore, **DISMISSED as MOOT**; and it is further

**ORDERED**, that the Clerk of the Court **CLOSE Case Number 1:05-CV-590 (LEK/RFT)**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   March 30, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

4